IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36721-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIGUEL ANGEL SANCHEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Miguel Sanchez appeals from five convictions arising from

assaulting and contacting his former girlfriend, challenging his counsel's effectiveness

and the admission of motive evidence for the assault. Finding no prejudicial error, we

affirm.

FACTS

Mr. Sanchez and the victim, Ms. Candelaria, were engaged to be married and lived

together with her children. On December 18, 2018, Ms. Candelaria confronted him over

his drug use. The argument turned physical and Sanchez choked her. After she broke free

and fled outside, he caught her and struck her while dragging her back to the house.  A passing motorist saw the incident and allowed Candelaria to call 911.  Sanchez then fled.

Police located Mr. Sanchez in a Walmart parking lot two days later.  An officer told Sanchez he was under arrest for "some warrants," but Sanchez kept asking the officer questions.  The officer stated that asking questions

> is a common tactic for somebody that doesn't want to be arrested.  Usually leads into a foot chase is my experience.  It's kind of a delay tactic and that's exactly what happened.

Report of Proceedings at 72.  Mr. Sanchez fled the officer, but was caught and arrested.

A no-contact order was issued December 21.  Despite being served with the order, Sanchez repeatedly contacted Candelaria from jail and attempted to influence her testimony.  As a result, the prosecutor ultimately filed charges of second degree assault, witness tampering, and three gross misdemeanor counts of violation of a no-contact order.  The case proceeded to jury trial in the Benton County Superior Court.

The State moved in limine to be permitted to use evidence of the defendant's flight from authorities and solicit Ms. Candelaria's explanation for why the assault occurred.  Over defense objection, the court ruled that the State could present limited evidence on both topics.

At trial, Ms. Candelaria testified about the onset of the assault.  She was surprised to see the defendant at home at a time he was supposed to be at work.  She believed he

2

was "high" and accused him of using drugs. He denied the accusation and began packing his clothes. Their argument grew into an assault.

An officer who authenticated the jail conversation videos for the jury testified, in response to questioning by defense counsel, that he identified Mr. Sanchez on the videos in part based on looking at his "police photos." There was no objection to the statement.

The jury convicted Mr. Sanchez on the five counts and also returned findings that the crimes constituted domestic violence. The jury also determined that the second degree assault constituted aggravated domestic violence due to the presence of a minor. Based on that aggravating factor, the court imposed an exceptional sentence of 102 months on the assault charge and lesser concurrent terms on the remaining offenses.

Mr. Sanchez timely appealed to this court. A panel considered his appeal without conducting argument.

## ANALYSIS

The appeals raises contentions of ineffective assistance and error in the admission of the drug use testimony. We address the claims in that order.

*Ineffective Assistance*

This issue alleges that counsel erred by failing to object to some testimony and in eliciting other testimony. He does not satisfy the heavy burden of proof placed on an ineffective assistance argument.

3

The principles governing this argument are very well settled. An attorney's failure to perform to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 333-335, 899 P.2d 1251 (1995). Courts must be highly deferential to counsel's decisions when evaluating ineffectiveness claims. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate counsel's performance using a two-prong test that requires determination whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim fails one prong, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). If the evidence necessary to resolve the ineffective assistance argument is not in the record, the claim is not manifest and cannot be addressed on appeal. *McFarland*, 127 Wn.2d at 334.

The governing authority in the specific context raised by Mr. Sanchez is further refined by the case law. As the *Strickland* court noted, no two lawyers would try a case in the same manner. 466 U.S. at 689. Accordingly, discerning error relating to the admission of testimony from an undeveloped appellate record is largely a fruitless undertaking because the decision to object is a "classic example of trial tactics." *See State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989). "Only in egregious

circumstances, on testimony central to the State's case, will the failure to object

constitute incompetence of counsel." *Id*. A reviewing court presumes that a "failure to

object was the product of legitimate trial strategy or tactics, and the onus is on the

defendant to rebut this presumption." *State v. Johnston*, 143 Wn. App. 1, 20, 177 P.3d

1127 (2007) (citing cases).

Against this backdrop of authority, the challenges to counsel's trial performance

utterly fail. The first and third challenges involve the testimony that the officer was

attempting to arrest Sanchez for "some warrants" and he responded by asking questions

before fleeing. Mr. Sanchez now claims these items were significantly prejudicial and

required his attorney to object. He cannot overcome the "presumption" of trial tactics.

*Id*. Sanchez was arrested two days after the assault; jurors would understandably believe

there was an arrest warrant outstanding. The reference to plural warrants likely was

error, but counsel understandably would not want to call attention to the point by

objecting or clarifying the situation. Trial counsel reasonably would want to leave the

matter undeveloped. Little or nothing would be gained by objecting.

The questioning and flight fell within the scope of the trial court's ruling in limine

concerning "flight" testimony. Appellant does not challenge the pre-trial ruling

permitting this testimony. He therefore cannot show that counsel erred by declining to

object further to testimony that the court had already admitted.

The remaining challenge is to the failure to object to testimony, elicited by the defense attorney, that the officer identified the defendant in the jail video through his "police photos." This argument, too, fails to rebut the presumption of attorney tactics, and for very good reason. Counsel was attempting to prevent a foundation from being established to admit the jail audio/video recordings. The basis for the officer's knowledge that Mr. Sanchez was the man in the video was highly relevant information. The dependency of the officer on police photos also was an easy topic for the defense to attack. It would be unexceptional information to the jury that the police maintain photographs of the people placed in jail. In this context, there was nothing unfairly prejudicial about the existence of police photographs.

Mr. Sanchez fails to establish that his attorney erred, let alone establish that he was significantly prejudiced by the alleged errors. Since he had to establish both, he has failed to establish that defense counsel provided ineffective assistance.

*Drug Use Testimony*

Mr. Sanchez also argues that the court erred in permitting Ms. Candelaria to testify that the two argued over what she believed to be his drug usage. Counsel properly challenged the evidence as unfairly prejudicial, but the court admitted limited testimony on the topic.

Evidentiary rulings are reviewed for abuse of discretion. *State v. DeVincentis*, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). Appellate courts also will only consider evidentiary challenges on appeal if the same challenge was presented to the trial judge. *State v. Powell*, 166 Wn.2d 73, 82-83, 206 P.3d 321 (2009); *State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The admission of evidence under the Rules of Evidence does not present a constitutional issue. *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990). Nonconstitutional error is harmless if, within reasonable probability, it did not affect the verdict. *State v. Zwicker*, 105 Wn.2d 228, 243, 713 P.2d 1101 (1986).

Mr. Sanchez now argues that Ms. Candelaria's one statement that the argument occurred because she believed he was using drugs was inadmissible under ER 403 and ER 404(b). The latter argument is not properly before us because he did not make such a claim in the trial court. *Powell*, 166 Wn.2d at 82-83; *Guloy*, 104 Wn.2d 422. We need not decide whether his claim of ER 403 error has merit, because there is no reasonable probability that the single statement affected the verdict. The medical evidence supported the victim's testimony that she had been choked. Neither attorney discussed the allegation in closing argument, the bulk of which addressed the tampering charge. The testimony, at worst, amounted to harmless error.

No. 36721-5-III
*State v. Sanchez*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, J.